UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES DEAN WILKS, | ) | CASE NO. C08-0386-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SGT. STOWERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

This is a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, currently incarcerated in the King County Jail ("Jail"), has filed a complaint naming twenty-five defendants and alleging that his constitutional rights have been violated in numerous ways. Defendants have filed a motion for partial summary judgment, to which plaintiff has not filed a response. For the reasons discussed below, the Court recommends that defendants's motion be granted and the claims identified by defendants be dismissed with prejudice.

## BACKGROUND

The declarations submitted by defendants in support of their motion for partial summary

judgment establish the following facts, which are uncontroverted by plaintiff:

Plaintiff was booked into the Jail on August 26, 2007. (Dkt. No. 22, Declaration of Sgt. Hansen at 1). While incarcerated at the Jail, plaintiff has repeatedly been involved in incidents such as flooding his cell, refusing to comply with commands, and attempting to assault Jail staff. (*Id*. at 1-2). As a result, the Jail staff adopted a "behavior modification plan," that sought to "reward positive behavior and control destructive, violent, and defiant behavior." (*Id*., Declaration of Vicki Shumaker at 3). Under the plan, plaintiff would lose privileges, such as use of the dayroom, if he engaged in destructive behavior and could earn those privileges back if he engaged in positive behavior. (*Id*.)

At some point during his incarceration in the Jail, plaintiff was transferred to the psychiatric unit. (Dkt. No. 22, Declaration of Sgt. Hansen at 2). While housed in the psychiatric unit, plaintiff had fewer privileges than inmates who remained in the general population. (*Id*.) Also at various times, plaintiff has been served meals without utensils for safety reasons. (*Id*.)

On November 13, 2007, plaintiff refused to comply with repeated orders that he place his hands in a manner that they could be hand-cuffed. (*Id*.) To force his compliance, plaintiff was pepper-sprayed by Sgt. Stowers. (*Id*.)

On March 6, 2008, plaintiff submitted the instant complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). The Court screened the complaint pursuant to 28 U.S.C. § 1915A and noted that plaintiff had listed only eight prior federal lawsuits on the form used to file the complaint. (Dkt. No. 9, Supplement to Complaint at 1). However, the Court's own research revealed that since

2002, plaintiff had filed seventeen previous lawsuits in this district.[1] The Court directed plaintiff to show cause why the instant lawsuit should not be dismissed for plaintiff's failure to truthfully answer the question regarding his prior litigation in federal court. (*Id.* at 2).

Plaintiff responded to the Court's Order on April 1, 2008, and explained that his failure to list his other lawsuits had been inadvertent. (Dkt. No. 7). The Court accepted this explanation and directed the Clerk to serve a copy of the complaint on defendants. (Dkt. No. 10).

Defendants filed their answer on June 9, 2008. (Dkt. No. 16). The Court issued an Order setting pretrial deadlines on June 11, 2008. (Dkt. No. 17). In that Order, plaintiff was advised pursuant to *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) as follows:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.**

(Dkt. No. 17 at 2-3) (emphasis in original).

On August 11, 2008, defendants filed a motion to consolidate this case with another of

---

[1] *See Wilks v. City of Seattle*, Case No. C02-494-RSL-MAT, *Wilks v. King County*, Case No. C02-1699-JCC-RSM, *Wilks v. King County*, Case No. C03-457-RSL-MAT, *Wilks v. Doe*, Case No. C03-3499-JCC-MJB, *Wilks v. Beckman*, Case No. C04-1731-RSL-JCC, *Wilks v. DOC*, Case No. C04-2548-TSZ-MJB, *Wilks v. Holtgerts*, Case No. C05-235-RSM, *Wilks v. King County*, Case No. C05-286-JCC, *Wilks v. Porter*, Case No. C05-2057-RSM, *Wilks v. King County*, Case No. C06-615-RSL, *Wilks v. King County*, Case No. C06-871-JLR-JPD, *Wilks v. FAA*, Case No. C06-940-MJP, *Wilks v. Holtgeerts*, Case No. C06-1076-JCC, *Wilks v. King County*, Case No. C07-777-RSM-JPD, *Wilks v. O'Cleary*, Case No. C07-1504-MJP-JPD, *Wilks v. King County*, Case No. C07-1720-RSM-JPD, *Wilks v. Stowers*, Case No. C07-2084-MJP-MAT.

plaintiff's cases, Case No. C07-2084-MJP-MAT. (Dkt. No. 19). The Court denied the motion, finding that the cases were not sufficiently similar to justify consolidation.[2] (Dkt. No. 21). On September 12, 2008, defendants filed a motion for partial summary judgment. (Dkt. No. 22). The motion was noted for consideration on October 24, 2008. Thus, plaintiff's response to the summary judgment motion was due no later than October 20, 2008. *See* Local Rule CR 7(d)(3). Plaintiff has not filed a response and the matter is now ready for review.

## DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©);*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. "When the moving party has carried its burden under Rule 56 (c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, __U.S.__, 127 S. Ct. 1769, 1776 (2007) (internal citation and quotation omitted).

---

[2] If this Report and Recommendation is adopted by the District Court, and the scope of this lawsuit is consequently narrowed, the issue of consolidation may warrant reconsideration.

Conclusory allegations in legal memoranda are not evidence, and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983).

In order to sustain a cause of action under 42 U.S.C. § 1983, plaintiff must show (I) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the Complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's hand-written complaint is 76 pages in length and lists myriad alleged violations of his constitutional rights. Defendants do not seek summary judgment on all of plaintiff's claims. They expressly exclude from the purview of their motion "plaintiff's claims related to uses of force" which defendants state "may conceivably raise sufficient factual questions for later determination by a jury." (Dkt. No. 22 at 3). Defendants seek dismissal of all other claims, which they identify as paragraphs E, G, H, I, M, Q, R, S, T, U, V, W, and Y, in plaintiff's complaint. (*Id.*) Defendants categorize these claims into three groups: Fourth Amendment claims that defendants have confiscated property belonging to plaintiff, First Amendment claims that defendants have retaliated against plaintiff for his prior lawsuits, and Eighth Amendment claims that defendants have imposed impermissible conditions of confinement. (Dkt. No. 22 at 7-10). In addition, defendants argue that several defendants should be dismissed because plaintiff has failed to adequately allege any claims against them. The Court will address each of defendants'

contentions in turn.

### Dismissal of King County and John Doe as Defendants

Defendants assert that plaintiff's claims against two defendants, King County and John Doe, should be dismissed. The Court agrees. Plaintiff's allegations against King County appear to underlie his request to have this action certified as a class action so that he may challenge the policies of King County regarding the treatment of mentally ill inmates. (Dkt. No. 6 at 8-13). Plaintiff contends that he may represent the class until pro bono counsel is located. (*Id*. at 12). However, plaintiff is mistaken. A *pro se* litigant has no authority to appear as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In addition, a named class representative must be a part of the class at the time the class is certified. *See East Texas Motor Freight System v. Rodriguez*, 431 U.S. 395, 403 (1977). It appears that plaintiff is no longer housed in the psychiatric unit and therefore is no longer a member of the class. Accordingly, plaintiff's request for class certification should be denied and King County dismissed as a defendant.

Plaintiff's claim against the defendant identified only as "John Doe," should similarly be dismissed. Plaintiff describes the John Doe defendant as an African-American corrections officer who, after being called "nigger," by plaintiff, retaliated by hurting plaintiff's hand. (Dkt. No. 6 at 45-49). Plaintiff maintains that his use of the word "nigger" was protected speech under the First Amendment. (*Id*. at 48). Regardless of plaintiff's specious argument that his use of a racial epithet to address a prison guard is constitutionally protected speech, this claim should be dismissed because after eight months of litigating this lawsuit, plaintiff has failed to identify the African-American guard. Indeed, plaintiff has made no effort to discover the guard's identity as

plaintiff has apparently made no discovery requests to defendants. (Dkt. No. 22, Declaration of Linda Gallagher at 2). Accordingly, plaintiff's claim against "John Doe" should be dismissed. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163. (9th Cir. 1999).

### Claims Based Upon the Fourth Amendment (Loss of Property)

Plaintiff alleges that Jail staff have improperly seized and held his personal property on several occasions. To the extent that plaintiff alleges that the deprivations were in retaliation for his prior lawsuits, these claims are discussed below. To the extent that these allegations are purely for the loss of property, they do not state a valid constitutional claim because state law provides an adequate remedy for such a loss, both through the prison's internal grievance system and through Washington's Tort Claims Act, RCWA § 4.92.090. *See Zinerman v. Burch*, 494 U.S. 113, 129-32 (1990). Accordingly, plaintiff's claims that involve solely the loss of personal property should be dismissed.

### Claims Based Upon the First Amendment (Retaliation)

Plaintiff asserts that defendants took many actions against him in retaliation for his having filed lawsuits against Jail staff in the past. For example, plaintiff alleges that a Jail guard refused to give plaintiff his reading glasses, pencils, grievance forms, Holy Bibles, writing paper, and legal materials, because plaintiff had filed numerous civil rights actions against Jail staff. (Dkt. No. 6 at 34-35).

To state a claim based upon retaliation, a prisoner must allege that (1) the type of activity he was engaged in was protected; (2) prison officials impermissibly infringed on his right to engage in the protected activity, *i.e.*, they acted in a retaliatory manner; and (3) prison officials' retaliatory action served no legitimate penological interest. *See Rizzo v. Dawson,* 778 F.2d 527, 531-32 (9th

Cir. 1985). In *Rizzo*, the Ninth Circuit emphasized that for a prisoner to state a cause of action based upon retaliation, he "must do more than allege retaliation. . . he must also allege that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id.* Thus, in order to survive summary judgment, the plaintiff bears the burden of showing that there was no legitimate penological objective to defendants' actions. *See Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995).

In addition, the Ninth Circuit has cautioned that retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Pratt,* 65 F.3d at 807 (quoting *Sandin v. Conner,* 515 U.S. 472, 482 (1995)). In particular, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.* (quoting *Sandin,* 515 U.S. at 482). "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." *Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir. 2003).

In light of this deferential standard, and plaintiff's failure to offer any evidence in support of his claims and in opposition to defendants' motion for summary judgment, the Court recommends that plaintiff's retaliation claims be dismissed. Defendants have offered evidence that the actions complained of were done in furtherance of legitimate penological goals, and plaintiff has failed to rebut that evidence. (Dkt. No. 22, Declarations of Sgt. Hansen and Vicki Shumaker).

Accordingly, plaintiff has not shown that a genuine issue of material fact exists and summary judgment should be granted dismissing his retaliation claims.

<u>Claims Based Upon the Eighth Amendment (Conditions of Confinement)</u>

Finally, plaintiff alleges that he has been subjected to living conditions that violate the Eighth's Amendment prohibition against cruel and unusual punishment.[3] The most egregious of these claims is plaintiff's contention that while he was housed in the psychiatric unit, he went without a shower, exercise, or the ability to call his lawyer for a period of three weeks. (Dkt. No. 6 at 60-61).

Although the Constitution "does not mandate comfortable prisons," the Eighth Amendment does impose a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotes and citation omitted). In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. This two-part test requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. at 834. The first prong, the objective component of an Eighth Amendment claim, is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The

---

[3] Defendants point out, correctly, that because plaintiff was a pretrial detainee during the period in question, the legal basis of these claims is actually the Due Process Clause of the Fourteenth Amendment. (Dkt. No. 22 at 9, *citing Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)). The Due Process Clause offers pretrial detainees, at a minimum, the same level of protection as the Eighth Amendment affords convicted inmates. 74 F.3d at 979.

second prong, the subjective component of an Eighth Amendment claim, has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834.

Defendants argue that Jail officials acted reasonably, and well within the parameters of the Eighth Amendment, when they developed the "behavioral management plan" to control plaintiff's unpredictable behavior. (Dkt. No. 22 at 10). The Court agrees. Restricting plaintiff's access to the dayroom and the loss of other privileges contemplated by the plan seems a measured response to plaintiff's unpredictable behavior. However, defendants do not address some of the more extreme allegations in plaintiff's complaint. For example, no mention is made in defendants' motion for partial summary judgment of the three-week period during which plaintiff alleges he was without exercise, a shower, or access to a telephone. (Dkt. No. 9 at 60-61). These allegations raise an arguable violation of the Eighth Amendment and because defendants do not offer any evidence that these allegations are false, plaintiff is not obliged to support them further at this stage. The allegations remain to be proven, of course, and could be the subject of future dispositive motions, but at this juncture, defendants have failed to show that there is no genuine issue of material fact regarding plaintiff's Eighth Amendment claim described above. Therefore, defendants' motion for partial summary judgment should be denied as to this claim, identified as "T" in plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, the Court recommends that defendants's motion for partial summary judgment be granted in part and denied in part. Specifically, the Court recommends granting the motion and dismissing the following claims in the complaint: A, E, G, H, I, M, Q, R,

01 S, U, V, W,[4] and Y. The Court recommends denying the motion as to claim T. The Court further
02 recommends that plaintiff's request for class action status be denied. A proposed Order
03 accompanies this Report and Recommendation.

DATED this 20th day of November, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

---

[4] Plaintiff does not list this claim as "W" but that appears to be an oversight as the claim falls between claims "V" and "X" in his complaint. (Dkt. No. 9 at 65).